11 F.3d 1074
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roberto O. ALAJAR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3456.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1993.
 
 Before PLAGER, LOURIE and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Roberto Alajar petitions for review of a final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SE0831930109-I-1, which affirmed the reconsideration decision of the Office of Personnel Management denying Mr. Alajar a deferred annuity. We affirm.
 
 
 2
 * Roberto Alajar, a refrigeration mechanic, started working for the federal government on January 22, 1947. On August 5 of that year, he lost his job in a reduction-in-force, but he was rehired the following spring. From that time on, March 1, 1948, Mr. Alajar worked without interruption for the federal government, receiving various promotions and reassignments, until May 30, 1959, when he resigned to accept an excepted service appointment, limited to six months or less, as a property and supply clerk. The limited term appointment was converted to an indefinite excepted service appointment in which Mr. Alajar continued until he lost his job in another reduction-in-force on November 27, 1970. That was the last time Mr. Alajar worked for the federal government. Mr. Alajar applied for a deferred retirement annuity, and OPM denied his application on the ground that there was no evidence that he had ever served in a position covered by or subject to the CSRS. Mr. Alajar then appealed to the Board. The Board affirmed OPM's disallowance.
 
 
 3
 After reviewing the relevant personnel records, the Board found that in all that time, Mr. Alajar had never paid into or been part of the Civil Service Retirement System (CSRS). He never had deductions taken from his check to put toward premiums for the deferred annuity he seeks. None of his personnel records indicates that he was ever covered by the CSRS, and several of them specifically state that he was not. Although Mr. Alajar accumulated over 23 years of creditable service, no evidence indicates that he ever served in a position covered by the CSRS.
 
 II
 
 4
 Congress has narrowly confined our scope of review in MSPB appeals. Section 7703(c) of title 5 provides that we are to "review the record and hold unlawful and set aside" only those
 
 
 5
 agency action[s], findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.
 
 
 6
 5 U.S.C. Sec. 7703(c) (1988). The question in this case is whether the MSPB's finding that Alajar was not covered by the CSRS is unsupported by such "evidence as a reasonable mind might accept as adequate to support a conclusion." Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 933 (Fed.Cir.1984) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) and Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 619-20 (1966)).
 
 III
 
 7
 On appeal, Mr. Alajar argues that his application for a deferred annuity was for the period from March 1, 1948 through November 20, 1970, which is more than the requisite five years of Federal Service. This argument misses the mark. An individual who claims entitlement to a statutory benefit bears the burden of proof by preponderant evidence. See Huskey v. Office of Personnel Management, 27 M.S.P.R. 363, 365 (1985), aff'd, 790 F.2d 92 (Fed.Cir.1986); 5 U.S.C. Sec. 7701(c)(1)(B) (1988).
 
 
 8
 In order for Mr. Alajar to prevail in his claim for a deferred annuity, he must prove by a preponderance of the evidence, in addition to 5 years or more of creditable service, that he either was covered by the CSRS in the position from which he was separated from service in 1947, or that his position in one of the last two years of his service ending in 1970 was covered by the CSRS. In the absence of any proof of employment in any position covered by the CSRS, we must affirm the Board's decision.